Marianne T. O'Toole,
Chapter 7 Trustee
22 Valley Road
Katonah, NY  10536
(914) 232-1511

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re:
                Chapter 7
Todd Ruffolo,          Case No. 17-23530 (RDD)

          Debtor.
------------------------------------------------------x

**TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE UNDER 11 U.S.C. § 707(a) AND §§ 521(e)(2)(B) AND (i)(1) OR IN THE ALTERNATIVE, TO EXTEND THE DEADLINES TO FILE A COMPLAINT OBJECTING TO THE DISCHARGE OF THE DEBTOR**

    Marianne T. O'Toole, the Trustee in the above-captioned case, respectfully submits this Motion to Dismiss, together with the Trustee's Affirmation in support of the Trustee's Motion to Dismiss this case under 11 U.S.C. § 707(a) and §§ 521(e)(2)(B) and (i)(1) or, in the alternative, extend the time to object to debtor's discharge under 11 U.S.C. § 727 for the failure of the Debtor Todd Ruffolo to appear and submit to examination as required by 11 U.S.C. § 343 at the meeting of creditors held pursuant to 11 U.S.C. § 341(a) and to comply with his duties under 11 U.S.C. §§ 521(a)(1)(B)(iv); (a)(3) and (4) and (e)(2)(A)(i), making it impossible to diligently inquire about the debtor's financial affairs, locate potential estate property and effectively administer the case.

    Although it is not clear from the multiple submissions, it appears that Debtor wishes to "withdraw" the Petition.  See ECF Doc No. 19, ¶ 14.

**I. INTRODUCTION**

    The Debtor filed an individual Chapter 7 petition on October 2, 2017 (the "Petition Date"). In this case, the debtor has not submitted to examination as required by 11 U.S.C. §343, at the meeting of creditors held pursuant to 11 U.S.C. §341(a) scheduled for November 9, 2017 and on the adjourned hearing date of December 12, 2017, making it impossible to diligently inquire about the

debtor's financial affairs and the location of potential estate property.

In addition, the Debtor has not complied with his duties under 11 U.S.C. §§ 521(a)(1)(B)(iv); (a)(3) and (4) and (e)(2)(A)(i) to provide evidence of income and tax returns, making it impossible to diligently inquire about the debtor's financial affairs, locate potential estate property and effectively administer the case. It appears that Debtor wishes to "withdraw" the Petition, the filing of which was prompted by a foreclosure sale.

**II.     ARGUMENT**

   **A.     There is Cause to Dismiss the Case under 11 U.S.C. § 707(a)**

Section 707(a) provides, <u>inter alia</u>, that the "court may dismiss a case under this chapter only after a hearing and only for cause, including – (1) unreasonable delay of the debtor that is prejudicial to creditors." 11 U.S.C. § 707(a)(1). "Section 707(a) is quite broad in that it permits dismissal for cause . . . [and] is geared toward maintaining the integrity of the bankruptcy process." <u>In re Keobapha</u>, 279 B.R. 49, 54 (Bankr. D. Conn. 2002) (quoting <u>In re Motaharnia</u>, 215 B.R. 63, 67 (C.D. Cal. 1997).

In this case, the Debtor has not yet submitted to examination as required by 11 U.S.C. §343, at the meeting of creditors held pursuant to 11 U.S.C. §341(a) scheduled for November 9, 2017 and on the adjourned hearing date of December 12, 2017, making it impossible to diligently inquire about the debtor's financial affairs and the location of potential estate property. In addition, the Debtor has failed to file some of the documents identified on the Deficiency Notice issued by the Clerk of the Court (ECF Doc No. 4.

It should be noted that on November 28, 2017 a Notice of Motion in Opposition to the Papers from the Opposing Upstate New York Law Firm for an alledged ("Trust") allegedly called ['Financial Service Vehicle Trust'] from Nov. 9th, 2017, and The Affidavit of Todd Ruffalo to Withdraw The Involuntary Bankruptcy Filed Under Duress to this Court on Monday October 2nd,

2017 was filed by the Debtor (ECF Doc No. 19). At paragraph 14 of the Affidavit, Debtor indicates a desire to "withdraw" the bankruptcy Petition. In addition, letters were filed online by Frank Ruffalo, debtor's son, ECF Doc No. 13 and ECF Doc No. 20 regarding Debtor's inability to appear and/or the production of documents requested.

**B. The Case Should be Dismissed Under Sections 521(e)(2)(B) and 521(i)(1) for Failure to Provide Tax Returns and Pay Advices**

Pursuant to 11 U.S.C. § 521(e)(2)(A)(i), "[t]he debtor shall provide not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed…." See 11 U.S.C. § 521(e)(2)(A)(i). Section 521(e)(2)(B) provides "[i]f the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." See 11 U.S.C. § 521(e)(2)(B).

Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), debtor shall provide to the Trustee "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor…." Section 521(i)(1) further provides "…if an individual debtor in a voluntary case under Chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." See 11 U.S.C. § 521(i)(1).

We further note that pursuant to 11 U.S.C. § 521(a)(3) and (4), debtor shall "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title" and "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title." See 11 U.S.C. §§ 521(a)(3), (4).

3

In this case, the Debtor's failure to produce documents required by statute and submit to examination as required by 11 U.S.C. § 343 at the meeting of creditors held pursuant to 11 U.S.C. §341(a) scheduled for November 9, 2017 or thereafter on the adjourned hearing date of December 12, 2017 constitutes cause for dismissal under Section 707(a). On this basis, the Court should order dismissal of the Debtor's case under 11 U.S.C. § 707(a).

### C. Alternatively, the Court Should Extend the Deadlines to File a Complaint Objecting to the Debtor's Discharge

If the Court determines that dismissal under Section 707(a) and Sections 521(e)(2)(B) and (i)(1) is not appropriate, the Court should extend the deadlines to file a complaint objecting to discharge from January 8, 2018 through May 8, 2018. Under Fed. R. Bankr. P. 4004(a), a complaint objecting to the debtor's discharge must be filed no later than sixty days following the first date set for the meeting of creditors. Fed. R. Bankr. P. 4004(b) authorizes the court, after notice and a hearing, to extend the deadlines to file a complaint objecting to discharge, for cause, provided the motion for extension of time is made before the original deadline has expired.

This motion is timely. The date to object to discharge or move for dismissal expires on January 8, 2018. Cause exists to extend the deadlines. The Debtor has not provided tax returns, and evidence of income as required by statute and has not yet submitted to examination as required by 11 U.S.C. §343, at the meeting of creditors held pursuant to 11 U.S.C. §341(a) scheduled for November 9, 2017 or thereafter on the adjourned hearing date of December 12, 2017, making it impossible to diligently inquire about the debtor's financial affairs and locate potential estate property. The Trustee, therefore, requests an extension of time, from January 8, 2018 through May 8, 2018.

### III. CONCLUSION

WHEREFORE, the Trustee requests that the Court enter an order dismissing this chapter 7

case for cause under 11 U.S.C. § 707(a) and 11 U.S.C. §§ 521(e)(2)(B) and (i)(1). If the Court determines that dismissal under 707(a) and 11 U.S.C. §§ 521(e)(2)(B) and (i)(l) is inappropriate, the Trustee requests that the Court enter an order extending the deadlines for the Trustee to file a complaint objecting to the discharge of the Debtor from January 8, 2018 through May 8, 2018.


Dated: January 8, 2018
       Katonah, New York

                                       By:  <u>/s/ Marianne T. O'Toole, as Trustee</u>
                                                 MARIANNE T. O'TOOLE, as Trustee
                                                 of the Estate of Todd Ruffolo
                                                 22 Valley Road
                                                 Katonah, NY 10536